UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAVIER MONGE

           Plaintiff,

v.

Kione Enterprises Inc. and Tippling Inc.

           Defendants.

_____/

## COMPLAINT

Plaintiff, JAVIER MONGE, by his undersigned counsel, hereby files this Complaint against, Kione Enterprises Inc. and Tippling Inc. (the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. Plaintiff currently resides in the Bronx, New York.

3. Plaintiff suffers from cerebral palsy, must ambulate in a wheelchair, has difficulty pinching and grasping with his hands, and is a qualified individual with disabilities under the ADA.

4. Plaintiff visited the property to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied

and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

5. Defendant, Kione Enterprises Inc., transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 157-12 Northern Blvd Queens, New York where the restaurant known as Tavern 157 is located (the "Facility").

6. Defendant, Tippling Inc., transacts business in the State of New York and within this judicial district. Defendant is the lessee of the Facility located at 157-12 Northern Blvd Queens, New York and the owner and/or operator of a restaurant known as Tavern 157 (the "Facility").

7. The Facility is a place of public accommodation under the ADA.

8. Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9. The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

10. The removal of the alleged barriers can be accomplished without much difficulty or expense.

11. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

12. Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

13. Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

14. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

15. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound Plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

I. SEATING
   a. There are no accessible dining tables that have the required knee and toe clearance and violation of the ADAAG 226, 902, and 306.
II. BAR
   a. The bar is inaccessible due to height and because it does not have the required minimum knee and toes clearance in violations of the ADAAG sections 226, 902 and 306.
III. RESTROOMS
   a. Restroom 1
      i. The first of the two restrooms is inaccessible due to a lack of maneuvering clearance at the entrance door in violation of the ADAAG sections 206 and 402.
      ii. The first of the two restrooms is inaccessible due to the non-compliant door swing. The restroom door swings into the floor space in violation of ADAAG section 603.

      iii. The first of the two restrooms is inaccessible due to the non-compliant lock that requires twisting of the wrist in violation of ADAAG 404 and 309.
      iv. The first of the two restroom is inaccessible due to the required minimum clearance space not being provided at the water closet in violation of ADAAG section 604.
      v. The first of the two restrooms is inaccessible due to the non-compliant grab bars not being provided on the rear and side walls of the water closet in violation of ADAAG section 604.
      vi. The first of the two restrooms is inaccessible due to a lack of insulation on the pipes and water lines under the lavatory in violation of ADAAG section 606.
      vii. The first of the two restrooms is inaccessible due to the mirror being mounted at a non-compliant height in violation of ADAAG section 603.
      viii. The first of the two restrooms is inaccessible due to the non-compliant coat hook being mounted too high in violation of ADAAG sections 604 and 308.

  b. Restroom 2
      i. The second of the two restrooms is inaccessible due to a lack of maneuvering clearance at the entrance door in violation of the ADAAG sections 206 and 402.
      ii. The second of the two restrooms is inaccessible due to the non-compliant lock that requires twisting of the wrist in violation of ADAAG 404 and 309.
      iii. The second of the two restroom is inaccessible due to the required minimum clearance space not being provided at the water closet in violation of ADAAG section 604.
      iv. The second of the two restrooms is inaccessible due to the non-compliant grab bars not being provided on the rear wall of the water closet in violation of ADAAG section 604.
      v. The second of the two restrooms is inaccessible due to the flush control on the non-compliant side of the water closet in violation of ADAAG section 604.
      vi. The second of the two restrooms is inaccessible due to a lack of required minimum clear knee clearance not provided at the lavatory in violation of ADAAG section 606 and 306.
      vii. The second of the two restrooms is inaccessible due to the mirror being mounted at a non-compliant height in violation of ADAAG section 603.
      viii. The second of the two restrooms is inaccessible due to the non-compliant coat hook being mounted too high in violation of ADAAG sections 604 and 308.

16. The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine **all the ADA violations**.

17. The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20.. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

September 8, 2022

                Respectfully submitted,

                *s/ Jennifer E. Tucek, Esq.*
                Law Office of Jennifer Tucek, PC
                *Attorney for Plaintiff*
                Bar No. JT2817
                315 Madison Avenue, #3054
                New York, N.Y. 10017

(917) 669-6991
TucekLaw@Gmail.com